UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERYL ALLEN FORZIATI,<br>    Plaintiff<br><br>    v.<br><br>ADAM JAMES NELSON, PHILLIP EDUARDO GRASSO, and GRAY BOX CONSULTANT d/b/a WICKED FAST MARKETING,<br>    Defendants. | C.A. No. 14-12325-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                            August 22, 2016

On May 30, 2014, Cheryl Forziati sued defendants Gray Box Consultant d/b/a Wicked Fast Marketing ("Gray Box"), Adam James Nelson, and Phillip Eduardo Grasso. Forziati alleged that defendants failed to pay her $11,172.76 in wages in violation of: (1) the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"); and (2) Massachusetts General Laws chapter 149, section 148 (the "Wage Act"). Gray Box and Nelson did not respond to the complaint. Forziati has requested that defaults enter against Gray Box and Nelson.

Grasso has moved for summary judgment on both counts. He argues that: (1) he is not an "employer" under the FLSA because he did not supervise Forziati or have access to Gray Box payroll or bank accounts; and (2) he is not liable under the Wage Act because he had no role in Gray Box's financial policy. Forziati also moved for summary judgment, arguing that Grasso is liable because he was

an officer and partial owner of Gray Box; was sufficiently involved in Gray Box to claim non-passive income on his tax returns; secured financing for Gray Box from his mother; made admissions of liability; and made inconsistent statements under oath.

The motions were referred to Magistrate Judge Marianne Bowler. In her June 30, 2016 Report and Recommendation, the Magistrate Judge recommended allowing Grasso's motion and denying Forziati's motion. On July 14, 2016, Forziati filed an objection to the Report and Recommendation. On July 28, 2016, Grasso replied to Forziati's objection.

The court has considered the Magistrate Judge's Report and Recommendation and the submissions of the parties on the two motions and Forziati's Objection. This court has reviewed de novo the questions of law and the issues to which Forziati has objected. See Fed. R. Civ. P. 27(c). The court finds the Report and Recommendation to be thorough, thoughtful, and persuasive. The Report and Recommendation is, therefore, being adopted.

In summary, the test for an "employer" under the FLSA is an "economic reality" test that considers "the totality of the individual's level of involvement with the corporation's day-to-day operations, as well as their direct participation in creating or adopting the unlawful pay practices." Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 47 (1st Cir. 2013). The case law emphasizes "ownership and financial control . . . because these

factors suggest a strong degree of authority over the corporation's finances and, as a corollary, the ability to 'caus[e] the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits.'" Id. at 48 (quoting in Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998)). Similarly, a "manager" under the Wage Act is "someone who controls, directs, and participates to a substantial degree in formulating and determining policy of a corporation." Wiedmann v. The Bradford Grp., Inc., 444 Mass. 698, 711 (2005).

The Magistrate Judge applied the proper standard to decide each of the motions for summary judgment. See Report and Recommendation at 2-4. She implicitly found that no material facts are in dispute and any reasonable factfinder would conclude that Grasso exercised no control over Graybox, its payroll, its policy, or its employees. See id. at 8-9, 18-19, 21-22. Forziati has not satisfied her burden of presenting countervailing evidence of material disputed facts. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) ("Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor."). Forziati's proffered disputed facts concerning Grasso's tax

3

returns, involvement in securing a loan from his mother, and prior statements, are not material to the dispositive question of Grasso's status under the FLSA or the Wage Act. Accordingly, Grasso's Motion for Summary Judgment is being allowed, and Forziati's Motion for Summary Judgment is being denied.

In view of the foregoing, it is hereby ORDERED that:

1. The attached Magistrate Judge's Report and Recommendation (Docket No. 55) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

2. For the reasons stated in the Report and Recommendation,

    a. Forziati's Motion for Summary Judgment (Docket No. 25) is DENIED.

    b. Grasso's Motion for Summary Judgment (Docket No. 31) is ALLOWED.

/s/ _____
UNITED STATES DISTRICT JUDGE